(No. 2083. January 28, 1918.)

## SEDILLO v. BACA, et al.

### SYLLABUS BY THE COURT.

Evidence examined, and held to sustain the judgment of the trial court.

Appeal from District Court, Socorro County; Mechem, Judge.

Action to quiet title by Antonio G. Sedillo against Emilio Baca, as administrator of the estate of Rufina Baca de Sedillo, and others. Judgment for defendants dismissing the action, and plaintiff appeals. Affirmed.

Nicholas & Nicholas, of Socorro, for appellant. James G. Fitch, of Socorro, for appellees.

### OPINION OF THE COURT.

ROBERTS, J. The complaint in this cause filed March 28, 1916, seeks to quiet the title of plaintiff as against the defendants in and to certain real estate described in the complaint, and contains the usual averments of ownership in the plaintiff and adverse claim by the defendants in cases of this sort.

The defendant Emilio Baca answered, denying title of plaintiff to the land in question and also disclaimed

title in himself, except such right and duty as were imposed upon him by law as the administrator of the estate of Rufina Baca de Sedillo. This defendant further answered that Rufina Baca de Sedillo, of whose estate he was administrator, was in her lifetime the wife of the plaintiff, and was the owner at the time of her death of the property described in the complaint, and that in and by will, duly executed by her prior to her death, she had conveyed certain of said property to the plaintiff, and certain of it to Remedios Baca de Castillo, one of the defendants. This answer is accompanied by a paper as Exhibit A, which purports to be the last will and testament of the said Rufina Baca de Sedillo.

The defendants Remedios Baca de Castillo and Jose L. Castillo also answered the complaint, and, among other things, aver that Rufina Baca de Sedillo, who had recently died, was in her lifetime the wife of the plaintiff, and that during her lifetime and at the time of her death she was the owner of all the tracts of land and real estate described in the complaint as her sole and separate property, and that by her last will and testament certain of said property was conveyed to the said Remedios Baca de Castillo.

The plaintiff filed a reply, among other things denying that the said Rufina Baca de Sedillo was the owner in fee of the property described in the complaint at the time of her death, admits the execution by her of the will pleaded by the defendants, but denies its effect to vest in the defendants or any of them the property described in the complaint, or any part of it, and further avers that on November 28, 1913, the said Rufina Baca de Sedillo, at that time the wife of the plaintiff, and the plaintiff made and entered into a contract of partnership under and by the terms of which each of said partners contributed to the partnership capital all of the property then owned by each, both real and personal, a copy of which partnership agreement was filed as Exhibit A to said answer. It is insisted that the effect of this partnership agreement and of the action of the partners under

it was to make the property owned by the said Rufina Baca de Sedillo at the time the partnership agreement was entered into, and which was the same property described in the complaint, partnership property, and that upon the death of the said Rufiana Baca de Sedillo all of said property vested absolutely in the plaintiff.

The case went to trial on the issues thus made up on November 7, 1916, before Hon. M. C. Mechem, Judge. At the trial the execution of said contract agreement of November 28, 1913, was duly proved by the testimony of the plaintiff, J. A. Lowe, Jacobo Sedillo, and Abran Abeyta. The loss of the original of said contract was established, and a copy introduced in evidence.

At the hearing it was also stipulated that said Rufina Baca de Sedillo, at the time of making the alleged partnership contract, was entitled to an undivided one-half interest in all of the property described in the complaint and in other property, as an heir at law of half interest in all of the property described in the she executed a partition with Jacobo Sedillo, who was at that time the owner of the other one-half interest in said property, by which she received the property described in the complaint; that she owned said property at the time of her death; and that it passed under her will as set forth in the answer, unless the effect of the partnership agreement was to vest it in the plaintiff.

At the close of the plaintiff's testimony, the defendants moved for judgment in their favor upon two grounds: First, that the supposed contract of partnership did not in any way vest any legal estate in the plaintiff; and, second, that the contract of partnership does not show or tend to show that it included the real estate in controversy.

The court, being of the opinion, and finding, that the plaintiff had not proved such title to the land as entitled him to maintain an action to quiet the title to same, sustained the motion for judgment and dis-

missed plaintiff's case. From this judgment plaintiff appeals.

The alleged partnership agreement contains this provision:

"The said parties above named have agreed, and by these presents do agree, to become co-partners in business together, under the name, firm and style of A. G. Sedillo & Company, in the business of farming, cattle raising, purchase, sale and renting of real estate and personal property, etc.; their said co-partnership to commence on the first day of December, A. D. 1913, and to continue during the natural life of each, and to that end and purpose the said parties have delivered in as capital stock, all property both real and personal to each belonging to the value of two thousand dollars, share and share alike, to be used and employed in common between them for the support and advancement of the said business, to their mutual benefit and advantage."

The agreement also provided that, upon the death of either of the partners, the partnership property should become the property of the survivor.

The proof on the part of appellant was silent as to the amount of property owned by the testatrix at the time the partnership agreement was entered into, and also as to the setting over of any property by Mrs. Sedillo to the partnership in fulfillment of the terms of the agreement. Appellant evidently assumed that the stipulation in the alleged partnership agreement in and of itself established the fact that all the real and personal property owned by Mrs. Sedillo became a part of the assets of the partnership upon the execution of the agreement. The language quoted, however, does not justify such an assumption. While it is stated that the parties "had delivered in as capital stock all property, both real and personal, to each belonging," the words, "to the value of two thousand dollars," are a limitation upon the amount of property transferred, and so far as appears from the evidence in this case Mrs. Sedillo might have owned property worth several hundred thousand dollars at the time the partnership agreement was entered into.

In view of the evidence, we think the judgment of the court was right, for which reason its judgment must be affirmed, and it is so ordered.

PARKER, J., concurs. HANNA, C. J., being absent, did not participate.